# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Case: _____

Judge: _____

Niela Peters
     **Plaintiff,**

v.

**CREDIT CONTROL SERVICES, INC. dba CREDIT COLLECTION SERVICES, et al.**
                             **Defendant.**

## PLAINTIFF'S COMPLAINT

    Now comes the Plaintiff, Niela Peters ("Plaintiff"), alleges the following against Defendant, **CREDIT CONTROL SERVICES, INC dba CREDIT COLLECTION SERVICES ("Defendant"):**

1.      Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

2.      Count II of Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 U.S. Code § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

3.      This court has jurisdiction pursuant to 28 USC § 1331, 1337 and 15 U.S.C § 1692k(d) (FDCPA).

4.      Venue and personal jurisdiction in this District are proper because the Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## GENERAL ALLEGATIONS

15.     Defendant is attempting to collect an alleged consumer debt allegedly owed by Plaintiff to Progressive ("the alleged debt"). (Exhibit A; Exhibit B)

16.     The alleged debt at issue arises from transactions for personal, family and household purposes.

17.     On or around July 31, 2021, Defendant acquired an alleged debt in default from Progressive. (Exhibit C)

18.     Defendant then placed an account for collection on the Plaintiff's consumer report without contacting Plaintiff. (Exhibit D)

19.     On or about November 24, 2021, Defendant contacted Plaintiff via telephone demanding payment. This is the initial communication between Defendant and Plaintiff.

20.     Plaintiff then contacted Defendant via telephone to request that the Defendant validate the debt pursuant to 15 U.S. Code §1692; Defendant responded with a cover letter demanding payment, a statement, both containing Defendant's logo, and a final statement labeled "Final Bill" from Progressive. (Exhibit A, Exhibit B, Exhibit C)

21.     During the time that Defendant reported the false information, Plaintiff suffered damages including, but not limited to denial of credit, decrease in FICO score, high interest rates, financial harm, mental anguish, and emotional distress.

22.     On or around December 15, 2021, Plaintiff sent Defendant a notice to cease and desist communicating with third parties until Defendant validated the debt. Defendant failed to respond. (Exhibit E)

23.     On December 20, 2021, Plaintiff then filed complaints with the Consumer Financial Protection Bureau ("CFPB") regarding Defendant's abusive debt collection practices and relief for Defendant's violations. Defendant responded to the CFPB stating that they would close the account and instruct the Consumer Reporting Agencies to delete the tradeline but failed to remedy the violations. (Exhibit F)

24.     On or around December 28, 2021, Plaintiff then followed up with an invoice as the desired remedy for Defendant's violations. (Exhibit G)

25.     Defendant failed to respond to remedy the violations.

26.     Plaintiff made a complaint with the CFPB on January 12, 2022, informing the CFPB of Defendant willful failure to remedy the violations. Defendant marked the complaint as duplicate on January 14, 2022. (Exhibit H)

27.     Plaintiff attempted to resolve the violations via the CFPB again on February 2, 2022. Defendant once again marked the complaint as duplicate on February 3, 2022. (Exhibit I)

28.     Plaintiff sent Defendant an Affidavit of Truth stating the facts of the violations. Defendant failed to rebut the Affidavit with an Affidavit. An unrebutted affidavit stands as truth in commerce. (Exhibit J)

29.     On or around February 28, 2022, Plaintiff sent a notice of default and opportunity to cure in which Defendant failed to respond or cure. (Exhibit K)

30.     Plaintiff attempted one last time before resorting to legal remedy to resolve the violations. On or around August 23, 2022, Plaintiff sent Defendant an intent to sue letter in which Defendant failed to respond. (Exhibit L)

31.     On September 15, 2022, Plaintiff filed a complaint with CFPB and provided a copy of the intent to sue letter. Defendant failed to respond to my complaint, and instead marked it as a duplicate complaint even with this being the first complaint about Plaintiff's intent to sue. (Exhibit M).

### COUNT I :

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32.    Plaintiff reincorporates the preceding allegations by reference.

33.    At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

34.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

35.    Plaintiff allegedly owed a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

36.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37.    Defendant's foregoing acts in attempting to collect the collection item violated 15 U.S.C. § 1692:

    a.  15 U.S.C. § 1692b(2) by stating the Plaintiff owed a debt to someone other than the Plaintiff (consumer). (Exhibit A, Exhibit B, Exhibit D)

    b.  15 U.S.C. § 1692b(5) by using language and symbols on the envelopes and in the contents of any communication effected by the mails that indicates Defendant is in the debt collection business, or that the communication relates to the collection of a debt. (Exhibit A, Exhibit B)

    c.  15 U.S.C. § 1692c(a) by communicating with Plaintiff without the prior consent of the Plaintiff. (Exhibit D)

    d.  15 U.S.C. § 1692c(b) by communicating with third parties (Consumer Reporting Agency), not permitted by law, without the prior consent from Plaintiff. (Exhibit D)

    e.  15 U.S.C. § 1692d by engaging in conduct in which the Plaintiff was harassed, oppressed, and abused in connection with the collection of a debt. (Exhibit A, Exhibit B, Exhibit D)

    f.  15 U.S.C. § 1692d(1) by using of criminal means (identity theft) that harmed the reputation of the Plaintiff. Defendant ruined the reputation of the Plaintiff with the Consumer Reporting Agencies and potential creditors by reporting this erroneous information on Plaintiff's consumer report. (Exhibit D)

g.  15 U.S.C. § 1692d(2) by using obscene and profane language that Plaintiff found to be abusive. Plaintiff found the following but not limited to, to be obscene and profane language "the above referenced amount is correctly stated; please remit payment; this is an attempt to collect a debt; our records indicate that your past due account remains unpaid; please remit payment by mail (together with the payment stub of this notice);  make suitable arrangements; once full payment has been posted by this office, your account will be closed; returned to your creditor as paid in full; the above account has been reported to one or more of the credit bureaus; please pay this amount. (Exhibit A, Exhibit B)

h.  15 U.S. Code § 1692e(2)(A) by false representation of the amount of any debt. Not only is the amount in a positive balance, but Plaintiff allegedly owes the        debt Defendant is attempting to collect. (Exhibit A, Exhibit B)

i.  15 U.S. Code § 1692e(8) by communicating to TransUnion, credit information which is known or should be known to be false. (Exhibit D)

j.  15 U.S. Code § 1692e(10) by using false representation and deceptive means, such as creating a notice to make Plaintiff believe she owed a debt to Defendant. Defendant also used deceptive means such as furnishing inaccurate information on        Plaintiff's consumer report with the intent to collect a debt. (Exhibit A, Exhibit B)

k.  15 U.S. Code § 1692f by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all the misconduct alleged herein. (Exhibit A, Exhibit B)

l.  15 U.S. Code § 1692g by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's rights to dispute the debt, when Defendant continued to relentlessly attempt to collect the alleged debt from Plaintiff despite Plaintiff orally disputing owing the alleged debt.  (Exhibit A)

6

m. 15 U.S. Code § 1692g of the FDCPA by failing to allow Plaintiff to validate the alleged debt by providing the required information as defined by this section. (Exhibit A)

n. 15 U.S. Code § 1692j by furnishing deceptive forms, knowing such form would be used to create false belief in Plaintiff that a person other than Progressive is participating in the collection of or in an attempt to collect a debt Plaintiff allegedly owes to Progressive. (Exhibit A, Exhibit B)

o. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

p. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II :

### DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT

38.   Plaintiff reincorporates the preceding allegations by reference.

39.   Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

40.   Defendant is a "person" as that term is defined by the FCRA, 15 U.S.C. § 1681a(b).

41.   Defendant's foregoing acts in attempting to collect the collection item violated  15 U.S.C. § 1681.

a. 15 U.S.C. § 1681c(a)(4) by furnishing an account that was placed for collection, in which account precede the report by seven years. (Exhibit D)

b. 15 U.S.C. § 1681c(a)(5) by furnishing any other adverse item of information. (Exhibit D)

c.   15 U.S.C. § 1681s-2 by furnishing information relating to Plaintiff to TransUnion. Defendant

knew or had reasonable cause to believe that the information was inaccurate due to Defendant's

negligence in confirming if the account belonged to Plaintiff prior to furnishing it. (Exhibit D)

d.   Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these

violations of the FCRA.

e.   As a result of a violation of the FCRA, Plaintiff is entitled to any actual damages pursuant to 15

U.S.C. § 1681n(1)(A); reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(3)

from Defendant, and any actual damages sustained by consumer pursuant to 15 U.S.C. §

1681o(a)(1)

## COUNT III :

## COUNT III OF PLAINTIFF'S COMPLAINT IS BASED ON 5 COMMERCIAL CODES
## VIOLATED BY DEFENDANTS.

42.      Plaintiff reincorporates the preceding allegations by reference.

43.      Defendant's foregoing acts in attempting to collect the collection item violated 5 commercial

codes.

a.   18 U.S. Code § 1341 by devising or intending to devise artifice to obtain money by means of

false or fraudulent representations.

b. 18 U.S. Code § 241 by conspiring with Progressive and TransUnion to injure, oppress, threaten,

and intimidate Plaintiff in the free exercise and enjoyment of any right (right to privacy) secured to

her by the Federal Laws.

c. 18 U.S. Code § 1028A by knowingly transferring, possessing, and using, without lawful authority,

Plaintiff's identification.

d. 12 U.S. Code § 5561(5) by furnishing the negative information on Plaintiff's consumer report, then deleting it (omission), that if proved, would constitute a violation of any provision of Federal consumer financial law.

e. 42 U.S. Code § 408(8) by using Plaintiff's social security number to furnish information on Plaintiff's consumer report.

### **PRAYER AND RELIEF**

WHEREFORE, the Plaintiff, Niela Peters demands Judgement be entered against the Defendant, Credit Control Services dba Credit Collection Services for the following:

A. Actual damages;

B. Statutory damages;

C. Statutory costs and attorney's fees;

D. For such other and further relief as the Court may deem just and proper.

DATED: November 7, 2022

Respectfully Submitted,

Niela Peters/ARR

Niela Peters
5121 Washington Rd
Ste 2, #99
Evans, Georgia 30809
901.495.5046

9